IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                                        Plaintiff,

                    -v-

One 2017 BENTLEY MULSANNE
VIN: SCBBG7ZH5HC002930
TITLED AND REGISTERED TO
DAVID B. SCRIVANI,

                                        Defendant.
_____

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and Mary Clare Kane, Assistant United States Attorney, of counsel, for its verified complaint herein alleges as follows:

## CAUSE OF ACTION

1.      This action *in rem* is brought pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C), and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G") for the forfeiture of One 2017 Bentley Mulsanne, VIN: SCBBG7ZH5HC002930 (hereinafter "the Defendant Vehicle"), which was seized on or about June 29, 2022 at 4600 Greenbriar Road, Williamsville, New York.  The Defendant Vehicle is titled and registered to DAVID B. SCRIVANI at 1101 South Ocean Boulevard, North Myrtle Beach, South Carolina.

2.      The Defendant Vehicle is subject to forfeiture as any property, real or personal, involved in money laundering offenses in violation of Title 18, United States Code, Section 1957(a) pursuant to Title 18, United States Code, Section 981(a)(1)(A). The Defendant Vehicle is further subject to forfeiture as any property which constitutes proceeds or is derived from proceeds traceable to wire fraud and/or bank fraud in violation of Title 18, United States Code, Sections 1343 and 1344 pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      Section 981(a)(1)(A) provides for the forfeiture of: "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section… 1957 of [Title 18], or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A).

4.      Section 981(a)(1)(C) provides for the forfeiture of: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of … any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) and 1961(1) of this title), or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C).

5.      This Court has subject matter jurisdiction of this action pursuant to the provisions of Title 28, United States Code, Sections 1345 and 1355(a), and *in rem* jurisdiction pursuant to Title 28, United States Code, Sections 1355(b) and 1355(d).  Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395.

6.      On June 29, 2022, law enforcement from the United States Secret Service (hereinafter "USSS") seized the Defendant Vehicle, pursuant to the authority of a federal

seizure warrant, from DAVID B. SCRIVANI at 4600 Greenbriar Road, Williamsville, New York.

7.   The Defendant Vehicle was seized on the basis that it was purchased with proceeds of specified unlawful activity (hereinafter referred to as "SUA proceeds"), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343 and bank fraud in violation of Title 18, United States Code, Section 1344; and was involved in or traceable to property involved in money laundering, in violation of Title 18, United States Code, Section 1957.

8.   The Defendant Vehicle remains under the custody and control of the United States Secret Service for the Western District of New York.

## RELEVANT STATUTORY AUTHORITY

9.   The statutory provisions pursuant to which the Defendant Vehicle represents wire and/or bank fraud proceeds and is involved in money laundering transactions or traceable to such property are as follows:

**Title 18, United States Code, Section 1343** provides in relevant part:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall   be fined, imprisoned or both.

**Title 18, United States Code, Section 1344** provides in relevant part:

Whoever knowingly executes, or attempts to execute, a scheme or artifice

3

(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined, imprisoned or both.

**Title 18, United States Code, Section 1956(c)(7)** provides in relevant part:

The term "specified unlawful activity" means — (A) any act or activity constituting an offense listed in section 1961(1) of this title.... [1343 and 1344 are specified unlawful activities, hereinafter referred to as "SUA")].

**Title 18, United States Code, Section 1957** provides in relevant part:

Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

**Title 18, United States Code, Section 1961(1)** provides in relevant part:

"[R]acketeering activity" means (B) any act which is indictable under any of the following provisions of title 18, United States Code: section 1343 (relating to wire fraud) [and] section 1344 (relating to financial institution fraud)[.]

## RELEVANT FORFEITURE AUTHORITY

10.    The forfeiture provisions pursuant to which the Defendant Vehicle is subject to forfeiture are as follows:

**Title 18, United States Code, Section 981(a)(1)** provides in relevant part:

**(A)**    Any property, real or personal, involved in a transaction or attempted transaction in violation of section …1957 … of this title, or any property traceable to such property.

4

**(C)**    Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of…any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense;

## BASIS FOR FORFEITURE

### Introduction

**Overview of the Paycheck Protection Program and Economic Injury Disaster Loans**

11.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who suffered the negative economic effects caused by the COVID-19 pandemic.   One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program (PPP).   The PPP was administered by the Small Business Administration (SBA), a federal government agency, through a cooperative effort with SBA approved lenders.

**Economic Injury Disaster Loan**

12.    Another source of relief provided by the CARES Act is the Economic Injury Disaster Loan ("EIDL").   EIDL is processed and applied for directly through the SBA (through an authorized representative).   The maximum amount for EIDL advance is $10,000.00, and the normal maximum amount of an EIDL Loan is $150,000.00.   In the EIDL loan application, the small business (through its authorized representative) must state, among other things, an applicant does not present live performances of a prurient sexual nature or

derive directly or indirectly more than *de minimis* gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature.  The EIDL are intended to help eligible small businesses with expenses such as: fixed debts, payroll, accounts payable, and others eligible bills.  Data from the application, including information about the borrower, is transmitted directly to the SBA in the course of processing the loan.  Once the EIDL is processed and approved, the monies are then sent to a business's bank account.

### Interstate Nexus

13.     Because every EIDL loan is ultimately backed by the SBA regardless of the approved lender extending the loan, each application or request for forgiveness is completed by applicants using SBA created forms.  The information and certifications contained on these forms is electronically transmitted by the lender to the SBA as the final authority on the granting of a loan and its subsequent potential forgiveness.

14.     The SBA processed all EIDL loan application and forgiveness related information provided by applicants and received from approved lenders through servers located in Sterling, Virginia.

15.     The DocuSign portion of the application, used to capture applicant initials on certifications and signature to finalize each application through the applicant's email address, was processed through one of three DocuSign server locations in Seattle, Washington, Dallas, Texas or Chicago, Illinois.

## Relevant Parties

## DAVID B. SCRIVANI

16.     DAVID B. SCRIVANI is a resident of Williamsville, New York.  Property records show that his current address is 4600 Greenbriar Road, Williamsville, New York. According to public records, DAVID B. SCRIVANI has an additional residence located at 1101 South Ocean Boulevard, North Myrtle Beach, South Carolina.

## DOMINIC SCRIVANI

17.     DOMINIC SCRIVANI is a resident of Lancaster, New York.  Property records show that his current address is 702 Pleasant View Drive, Lancaster, New York.  DOMINIC SCRIVANI is the son of DAVID B. SCRIVANI.

## Relevant Entities

18.     820 Connecting Road Incorporated ("Inc."), trade name: "Talk of the Town" was incorporated in New York on or about November 1, 1995.  According to open-source information, 820 Connecting Road, Inc. operates a lingerie store and two adult XXX-Rated theaters which play movies of a pornographic or prurient sexual nature.  According to records obtained from New York's Secretary of State, DAVID B. SCRIVANI is registered as the Chief Executive Officer.   820 Connecting Road, Inc., trade name Talk of the Town, is physically located at 820 Connecting Road, Niagara Falls, New York which is located in the Western District of New York.

19.     Northeastern Video Distributors Incorporated ("Inc."), trade name: Video Liquidators, was incorporated in New York on or about March 18, 1986.  According to open-source information, Northeastern Video Distributors, Inc. operates adult theaters which play movies of a pornographic or prurient sexual nature.  According to records obtained from the SBA, DAVID B. SCRIVANI is listed as the owner.  Evans Bank records signed by DAVID B. SCRIVANI document the business type as an adult video/bookstore.  Northeastern Video Distributors, Inc., trade name Video Liquidators, is located at 1770 Elmwood Avenue, Buffalo, New York which is located in the Western District of New York.

20.     Transco Incorporated DBA Bentley Highpoint is a car dealership located in High Point, North Carolina, where the Defendant Vehicle was purchased.

21.     Evans Bank is a federally insured financial institution with headquarters in Angola, New York which is located in the Western District of New York.  Evans Bank is an approved SBA lender and received at least two EIDL loan applications on behalf of the entities identified above.

### EVANS BANK ACCOUNTS

22.     Investigation by law enforcement has, to date, revealed that EIDL loan funds on deposit or transferred to or through two Evans Bank accounts represent SUA proceeds, to wit:  the proceeds of wire and bank fraud.

**Evans Bank Account #XXXXX70000**

23.     Evans Bank Account Number XXXXXX70000 was established on or about February 17, 2012, in the name of Northeastern Video Distributors, Inc. (hereinafter "Evans Account #70000"). DAVID B. SCRIVANI and DOMINIC SCRIVANI are both listed as authorized signers on the account.

**Evans Bank Account #XXXXX83000**

24.     Evans Bank Account Number XXXXX83000 was established on or about February 17, 2012, in the name of 820 Connecting Road Incorporated (hereinafter "Evans Account #83000").  DAVID B. SCRIVANI and DOMINIC SCRIVANI are both listed as authorized signers on the account.

**Overview of Scrivani's EIDL Scheme**

25.     In March of 2020, DAVID B. SCRIVANI applied for two (2) EIDL loans, one for Northeastern Video Distributors, Inc., under EIDL Loan Application Number 3300284764 (herein "EIDL Loan #84674") and one for 820 Connecting Road Inc., under EIDL Loan Application Number 3300281126 (herein "EIDL Loan #81126").

26.     Analysis of SBA records show that the EIDL applications were digitally signed and submitted by DAVID B. SCRIVANI.  Both EIDL applications are dated March 30, 2020. As part of the disclosures section of the digital EIDL application, both applications are checked in the affirmative to the following question:

*"Applicant does not present live performances of a prurient sexual nature or derive directly or indirectly more than de minimis gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature."*

This is a false representation because DAVID B. SCRIVANI and DOMINIC SCRIVANI, or the SCRIVANIs, knew that both of the subject businesses, derive, directly or indirectly, more than *de minimis* gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature.

27.     Interstate Nexus is established by the fact that both subject EIDL applications were submitted to Evans Bank, headquartered at 8599 Erie Road in Angola, New York, within the Western District of New York.  The EIDL applications to Evans Bank were submitted *via* the internet from Internet Protocol ("IP") address 2604:6000:ca47:b400:fcbe:4563:260e:af5d.  The IP address registers to Charter Communications, Inc., located at 6399 S. Fiddler's Green Circle Greenwood Village, Colorado.  The applications were submitted *via* the internet to the SBA loan application server located in Des Moines, Iowa.  Reliance on the false and misleading information caused the EIDL proceeds to be disbursed by the SBA.  EIDL disbursement payments are initiated by the SBA Denver Finance Center in Denver, Colorado, which transmits the payment information to the Treasury.  The primary server for processing the payment is located in Sterling, Virginia.  The EIDL loan proceeds were deposited to Evans Account #70000 and Evans Account #83000.  The deposits were in the form of an Automated Clearing House

("ACH") utilizing interstate wires.  The server datacenter for Evans Bank is located at 6400 Main Street, Williamsville, New York.

28.     The chart below represents the ACH credits disbursed into Evans Account #70000 from the SBA Finance Center connected to EIDL Loan #84764, totaling $89,400.00, and which constitute SUA proceeds.

| Date of Disbursement | Amount of Disbursement | Statement Comments |
|---|---|---|
| 4/20/2020 | $7,000 EIDL | SBADTREAS 310/MISC PAY NEW_LINE NTE* PAYMENT *EIDG 3300284764 NEW_LINE EIDG 84764 NORTHEASTERN VIDEO DI |
| 5/19/2020<br><br>TOTAL: | $82,400 EIDL<br><br>**$89,400.00** | SBADTREAS 310/MISC PAY NEW_LINE PAYMENT *CT*6899707400 200 01181 F8024 NEW_LINE 0740073000 NORTHEASTERN VIDEO DI |

29.     The chart below represents the ACH credits disbursed into Evans Account #83000 from the SBA Finance Center connected to EIDL Loan #81126, totaling $107,700.00, and which constitute SUA proceeds.

| Date of Disbursement | Amount of Disbursement | Statement Comments |
|---|---|---|
| 4/20/2020 | $8,000 EIDL | SBADTREAS 310/MISC PAY NEW_LINE NTE* PAYMENT *EIDG 3300281126 NEW_LINE EIDG 81126 820 CONNECTING RD INC |

| 5/19/2020 | $99,700 EIDL | SBADTREAS 310/MISC PAY NEW_LINE PAYMENT *CT*8498527403 200 02358 F8033 NEW_LINE 2740373000 820 CONNECTING RD INC |
|---|---|---|
| **TOTAL:** | **$107,700.00** | |

## Overview of EIDL Loans Received by Scrivanis

30.     The total amount of money deposited into Evans Account #70000 and Evans

Account #83000 received from EIDL loans was $197,100.00 and constitute SUA proceeds,

as represented in the chart below.

| Approximate Date of Application | Lending Institution | Loan Program | Applicant/ Business Name | Amount Disbursed | Date of Disbursement | Bank Account Receiving Disbursement |
|---|---|---|---|---|---|---|
| 03/30/2020 | SBA | EIDL | David B. Scrivani/820 Connecting Rd., Inc. | $8,000 | 04/20/2020 | Evans Account #83000 |
| | | | | $99,700 | 05/20/2020 | |
| 03/30/2020 | SBA | EIDL | David B. Scrivani/ Northeastern Video Distributors, Inc. | $7,000 | 04/20/2020 | Evans Account #70000 |
| | | | | $82,400 | 05/19/2020 | |
| Total EIDL/ SUA Proceeds | | | | **Total EIDL: $197,100** | | |

**Transfer of SUA Proceeds**

31.     The balance of Evans Account #70000 on April 19, 2020 was $4,218.37.  In addition to the two (2) EIDL deposits of SUA proceeds (totaling $89,400) outlined above in ¶28, fourteen (14) other deposits were made into Evans Account #70000 between April 20, 2020, until June 12, 2020, the date the Defendant Vehicle was purchased.  Those 14 deposits totaled $3,171.19 of business-related deposits.

32.     In addition, on May 4, 2020, $33,000.00 of PPP loan funds were also deposited into Evans Account #70000 and were commingled with the EIDL loan proceeds/SUA proceeds, and the business-related deposits.

33.     The balance of Evans Account #83000 on April 19, 2020 was $3,234.86.  In addition to the two (2) EIDL deposits of SUA proceeds (totaling $107,700) outlined above in ¶29, eighteen (18) deposits were made into Evans Account #83000 between April 20, 2020 until June 11, 2020, the day before the Defendant Vehicle was purchased.  Those 18 deposits totaled $4,306.88 and were business-related deposits.

34.     In addition, on April 30, 2020, $30,200.00 of PPP loan funds were also deposited into Evans Account #83000 and were commingled with the EIDL loan proceeds/SUA proceeds, and the business-related deposits.

35.     As a result, on June 12, 2020, $80,000 of the commingled SUA proceeds were transferred from Evans Account #70000 to Evans Account #83000.  This transfer constitutes a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from SUA, and constitutes money laundering, in violation of Title 18, United States Code, Section 1957.

## PURCHASE OF THE DEFENDANT VEHICLE

36.     On June 12, 2020, the Defendant Vehicle was purchased, and as stated above, prior to the purchase of the Defendant Vehicle, $80,000 in commingled SUA proceeds were transferred from Evans Account #70000 to Evans Account #83000.  As cited above, the $80,000 transferred from Evans Account #70000 to Evans Account #83000, constituted commingled SUA proceeds, and constitutes a violation of money laundering in violation of Title 18, United States Code, Section 1957.

37.     On June 12, 2020, according to an Evans Bank employee statement provided to law enforcement, DAVID B. SCRIVANI contacted Evans Bank by telephone requesting the initiation of a wire transfer to purchase a vehicle.  Evans Bank informed DAVID B. SCRIVANI that he did not have the necessary wire agreement in place to initiate the transfer over the phone.  Evans Bank employees related that to complete the transaction, that an authorized signer on the account would have to come into the bank and provide an in-person signature.

38.     According to the Evans Bank employee statement provided to law enforcement, and Evans Bank documents, DOMINIC SCRIVANI arrived at Evans Bank

14

branch located in Amherst, New York for an in-person meeting with bank personnel. His New York state driver's license was used as identification to process an interstate wire transfer.  The purpose of the wire is documented as a purchase of a vehicle in the amount of $175,590.00   An interstate wire was sent from Evans Account #83000 in the amount of $175,590.00 to Pinnacle Bank located in Nashville, Tennessee in the name of Transco Incorporated DBA Bentley Highpoint, located in High Point, North Carolina.  This transfer was funded with $107,700.00 in EIDL loan proceeds that had been previously deposited into Evans Account #83000 (*see* ¶29 above) and which constitute SUA proceeds. This transfer was also funded with $80,000.00 in commingled SUA proceeds that had been previously deposited into Evans Account #83000.

39.    The above wire transfer of $175,590.00, at the direction of DOMINIC SCRIVANI, constitutes a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from SUA and constitutes money laundering, in violation of Title 18, United States Code, Section 1957.

40.    Transco Incorporated DBA Bentley Highpoint provided a statement that the Defendant Vehicle was purchased by DAVID B. SCRIVANI.  Transco Incorporated DBA Bentley Highpoint filed the State Registration in South Carolina, and the Defendant Vehicle is currently registered and titled to DAVID B. SCRIVANI to his residence located at 1101 South Ocean Boulevard, North Myrtle Beach, South Carolina.

41.    There is reasonable cause to believe that the Defendant Vehicle was purchased with SUA proceeds and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 984.  The Defendant Vehicle is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in money laundering transactions or traceable to such property.

## SEIZURE OF DEFENDANT VEHICLE

42.    On or about June 7, 2022, USSS applied for and received a federal seizure warrant for the Defendant Vehicle, which was issued by the Honorable Jeremiah J. McCarthy, however USSS was unable to locate the Defendant Vehicle within the time frame authorized by the seizure warrant (typically 14 days).

43.    Thereafter, on June 24, 2022, USSS reapplied for and received a second federal seizure warrant for the Defendant Vehicle, which was issued by the Honorable Jeremiah J. McCarthy.

44.    On June 29, 2022, USSS located the Defendant Vehicle, which was parked in the driveway of DAVID B. SCRIVANI's residence at 4600 Greenbriar Road, Williamsville, New York, and executed the seizure warrant.  During the course of the seizure of the Defendant Vehicle, USSS Agents identified themselves to DAVID B. SCRIVANI and provided him with a copy of the seizure warrant and a receipt, indicating that the USSS had seized the Defendant Vehicle.

45.     During the seizure process, DAVID B. SCRIVANI came out of his residence and began to speak to USSS Agents.   Agents advised DAVID B. SCRIVANI that he had an attorney and that his communications relating to the investigation should take place in the presence of his attorney.  DAVID B. SCRIVANI stated that he understood but continued to speak freely to USSS.

46.     DAVID B. SCRIVANI stated, in sum and substance, that he had received the first round of SBA PPP loan proceeds but did not receive the second round of PPP loan proceeds. (It should be noted that DAVID B. SCRIVANI applied for a number of loans under the PPP and EIDL programs.)

47.     DAVID B. SCRIVANI spontaneously stated, in sum and substance, that he had purchased the Defendant Vehicle with "SBA funds" and inquired of USSS about the next steps of the investigation.   DAVID B. SCRIVANI spontaneously stated, in sum and substance, that he did not want to go to jail, and he offered to pay the money back that was used to purchase the Defendant Vehicle.

48.     DAVID B. SCRIVANI was not under arrest or in custody when he spoke to USSS Agents on June 29, 2022.  The USSS Agents repeatedly warned DAVID B. SCRIVANI that he had retained counsel and that his communications related to the investigation should take part in the presence of his attorney.

## INITIATION OF CIVIL JUDICIAL ACTION

49.     On or about September 22, 2022, DAVID B. SCRIVANI, through his attorney, Justin D. Ginter, Esq., filed an administrative claim for the Defendant Vehicle with the USSS to halt the administrative forfeiture proceedings against the Defendant Vehicle and to have the matter referred for judicial forfeiture proceedings.

## CONCLUSION AND REQUEST FOR RELIEF

50.     Based on all of the foregoing facts, the circumstances surrounding those facts, and the experience and training of the officers and agents involved in the investigation leading to the seizure of the Defendant Vehicle, there is reasonable cause to believe that the Defendant Vehicle is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 984, as any property, real or personal, which constitutes or is derived from SUA proceeds. In addition, the Defendant Vehicle is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in money laundering transactions or traceable to such property.

**WHEREFORE**, the United States of America respectfully requests:

(1) that an arrest warrant *in rem* be issued for the arrest of the Defendant Vehicle;

(2) that all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3) that a judgment be entered declaring the Defendant Vehicle be condemned and forfeited to the United States of America for disposition in accordance with the law;

(4) that the costs of this suit be paid to and recovered by the United States of America; and

(5) that the Court grant such order and further relief as deemed just and proper.

DATED:   Buffalo, New York, September 7, 2023.

TRINI E. ROSS
United States Attorney


BY:   *s/Mary Clare Kane*
MARY CLARE KANE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York   14202
(716) 843-5809
mary.kane@usdoj.gov

19

STATE OF NEW YORK    )
COUNTY OF ERIE          )        ss.:
CITY OF BUFFALO        )

JAMES WITTMEYER, being duly sworn, deposes and says:

I am a Special Agent with the United States Secret Service ("USSS"), Buffalo, New York, and I am familiar with the facts and circumstances surrounding the purchase of the 2017 Bentley Mulsanne VIN: SCBBG7ZH5HC002930, which was seized on or about June 29, 2022.   The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief and based upon my personal knowledge and information furnished to me by agents of the USSS and provided to officials of the United States Department of Justice.

_s/James Wittmeyer_____
JAMES WITTMEYER
Special Agent
U.S. Secret Service

Subscribed and sworn to before me.
This 7th day of September 2023

_s/Levi Bourdette_____
LEVI BOURDETTE
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01BO6405746
My Commission Expires March 16, 2024