UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

v.

                                **CIVIL NO. 23-CV-941-JLS**

One 2017 BENTLEY MULSANNE
VIN: SCBBG7ZH5HC002930
TITLED AND REGISTERED TO
DAVID B. SCRIVANI,

                                Defendant.
_____

## ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE

      Claimant, David B. Scrivani (collectively referred to herein as "the Answering Claimant") by and through his attorneys, Lipsitz Green Scime Cambria LLP, hereby files his Answer to the Verified Complaint for Forfeiture as follows:

      1.      The Answering Claimant **ADMITS** the allegations contained in paragraphs 16, 17, 23, 24, 25, and 49 of the Verified Complaint for Forfeiture.

      2.      The Answering Claimant **DENIES** the allegations in paragraphs 22, 26, 36, 39, 41, 45, 46, 47, 48, and 50 of the Verified Complaint for Forfeiture.

      3.      The Answering Claimant **DENIES INFORMATION SUFFICIENT TO FORM A BELIEF AS TO THE TRUTH** of the allegations contained in paragraphs 8, 11, 12, 13, 14, 15, 20, 21, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 40, 42 and 44 of the Verified Complaint for Forfeiture.

      4.      Answering paragraphs 2, 3, 4, 5, 7, 9, and 10 of the Verified Complaint for

Forfeiture, the Answering Claimant states that these paragraphs assert legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the Answering Claimant hereby **DENIES** the allegations and inferences contained in said paragraphs.

5. The Answering Claimant **ADMITS** the allegation contained in paragraph 1 with respect to the date of the seizure and that the 2017 Bentley Mulsanne was seized from Mr. Scrivani. The Answering Claimant states that the first portion of paragraph 1 asserts legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, the Answering Claimant hereby **DENIES** the allegations and inferences in the remainder of paragraph 1.

6. The Answering Claimant **ADMITS** the allegation contained in paragraph 6 with respect to the seizure. The Answering Claimant hereby **DENIES INFORMATION SUFFICIENT TO FORM A BELIEF AS TO THE TRUTH** of the allegation that the vehicle was seized pursuant to the authority of a federal seizure warrant.

7. The Answering Claimant **ADMITS** the allegation contained in paragraph 18 with respect to the incorporation of the business and physical location. The Answering Claimant hereby **DENIES** the allegation contained in paragraph 18 with respect to movies of a prurient sexual nature being played.

8. The Answering Claimant **ADMITS** the allegations contained in paragraph 19 with respect to the incorporation of the business and physical location. However, the Answering Claimant hereby **DENIES** the allegation contained in paragraph 19 with respect to movies of a prurient sexual nature being played.

9. The Answering Claimant **DENIES** each and every remaining allegation of the Verified Complaint for Forfeiture not hereinbefore specifically admitted or otherwise denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10. The Verified Complaint for Forfeiture fails to state a claim upon which relief can be granted, and thus, the property identified in the Verified Complaint for Forfeiture is not subject to civil forfeiture. Additionally, there is no probable cause at the time the claimant's property was seized to believe that it was or had been used in violation of law.

### SECOND AFFIRMATIVE DEFENSE

11. Claimant acted in good faith at all times relevant to the Verified Complaint for Forfeiture.

### THIRD AFFIRMATIVE DEFENSE

12. The United States of America is estopped from pursuing the civil forfeiture action because it has failed to conduct an adequate investigation and filed its Verified Complaint for Forfeiture without sufficient prior analysis of the facts or understanding of Claimant's business.

### FOURTH AFFIRMATIVE DEFENSE

13. The Claimant, as an innocent owner, did not know, or have reason to know, that the property in question was being employed or was likely to be employed in criminal activity.

### FIFTH AFFIRMATIVE DEFENSE

14. If any seizure warrants were issued, they were defective and/or the seizure was conducted illegally, and the seizure of the claimant's property violated claimant's Fourth Amendment rights, and the fruits of such violation must be suppressed.

### SIXTH AFFIRMATIVE DEFENSE

15. The government is estopped from obtaining a forfeiture judgment because it obtained a seizure warrant through incorrect, misleading or incomplete allegations.

## SEVENTH AFFIRMATIVE DEFENSE

16. The government cannot obtain the forfeiture it seeks because the result would be constitutionally disproportionate.

## EIGHTH AFFIRMATIVE DEFENSE

17. The government cannot obtain forfeiture it seeks because it has not acted in good faith.

## NINTH AFFIRMATIVE DEFENSE

18. The government's request for forfeiture amounts to an excessive fine and punishment under the Eight and Fourteenth Amendments to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

19. The government cannot obtain the forfeiture it seeks because the property has an insufficient nexus to the alleged unlawful activity.

## ELEVENTH AFFIRMATIVE DEFENSE

20. The government cannot obtain the forfeiture it seeks because the property has a legitimate source.

## CLAIMANT'S DEMAND FOR JURY TRIAL

21. The Answering Claimant hereby demands a trial by jury of all issues so triable.

**WHEREFORE**, the Answering Claimant respectfully requests an Order of this Court dismissing the Government's Verified Complaint for Forfeiture and entering judgment, including fees and costs incurred in defending this action, in favor of Claimant; together with such other and further relief as the Court deems just and proper.

Dated: January 23, 2024
      Buffalo, New York

Respectfully submitted,

/s/ Justin D. Ginter
Justin D. Ginter, Esq.
Paul J. Cambria, Jr.
Lipsitz Green Scime Cambria LLP
*Attorneys for Defendant*
David B. Scrivani
42 Delaware Ave.
Buffalo, NY 14202
(716) 849-1333
jginter@lglaw.com
pcambria@lglaw.com

To:    Mary Clare Kane
       Assistant U.S. Attorney
       138 Delaware Avenue
       Buffalo, NY 14202

5