IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                    Plaintiff,

      -v-                                                        23-CV-941-JLS

One 2017 BENTLEY MULSANNE
VIN: SCBBG7ZH5HC002930
TITLED AND REGISTERED TO
DAVID B. SCRIVANI,

                    Defendant.

## JOINT MOTION TO EXTEND THE STAY OF CIVIL FORFEITURE CASE

PLEASE TAKE NOTICE that the Plaintiff, United States of America, by its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, Mary Clare Kane, Assistant United States Attorney, of counsel, and claimant, David B. Scrivani, by and through his attorney, Justin D. Ginter, Esq., jointly move this Court for an order continuing the previously granted stay (ECF No. 17) of the civil forfeiture proceeding pursuant to Title 18, United States Code, Sections 981(g)(1) and 981(g)(2). In support of this Motion, the parties state as follows:

1.     The 2017 Bentley Mulsanne, VIN: SCBBG7ZH5HC002930 titled and registered to David B. Scrivani (hereinafter "defendant vehicle") was seized on or about June 29, 2022, by law enforcement at 4600 Greenbriar Road, Williamsville, New York, and is currently held within the jurisdiction of this Court.

2.     On September 7, 2023, the United States filed a verified civil complaint for forfeiture against the defendant vehicle. ECF No. 1. The forfeiture complaint alleges that the defendant vehicle is subject to forfeiture under the provisions of Title 18, United States

1

Code, Sections 981(a)(1)(A) and 981(a)(1)(C) as property, real or personal, involved in money laundering offenses, and property which constitutes proceeds or is derived from proceeds traceable to wire fraud and/or bank fraud.

3.   On October 16, 2023, claimant David B. Scrivani (hereinafter "the claimant") filed a Claim to the defendant vehicle (ECF No. 5), and on January 23, 2024, the claimant filed an Answer. ECF No. 12. No other claims have been filed in this action, and the time to file a claim has expired.

4.   Title 18, United States Code, Section 981(g)(1) provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

5.   Similarly, Title 18, United States Code, Section 981(g)(2) provides that "[u]pon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that – (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."

6.   Title 18, United States Code, Section 981(g)(4) defines the terms "related criminal case" and "related criminal investigation" to mean "an actual prosecution or investigation inprogress at the time at which the request for the stay...is made." That section further instructsthat "[i]n determining whether a criminal case or investigation is "related" to a civil forfeitureproceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity withrespect to any one or more factors."

7. On or about May 1, 2024, your affiant advised claimant's counsel that a criminal investigation of the claimant was initiated by the United States Attorney's Office for the Western District of New York. Given the circumstances, the parties did not actively engage in substantive or formal discovery thereafter.

8. The parties agree that the criminal investigation and the civil forfeiture case are inextricably related. The civil case arises from the same facts and circumstances giving rise to the criminal investigation. Moreover, the civil case will likely rely on the evidence generated by the law enforcement officers who are investigating the criminal case.

9. The parties continue to be involved in discussions which may resolve this matter.

10. The Government and the claimant both believe that a continuance of the stay is necessary to protect the government's interest in protecting their witnesses from potentially broad civil discovery demands - including the taking of depositions - in this civil case, which could be used by the claimant in the related criminal case, especially since the claimant does not have the right to take such discovery under the related criminal prosecution. Similarly, the government and the claimant further believe that a continuance of the stay is necessary to preserve the claimant's rights under the Fifth Amendment to the United States Constitution. Absent an order continuing the stay, the Plaintiff intends to depose the claimant in this civil forfeiture case, which would interfere with his right to remain silent as it relates to the criminal prosecution and claimant would seek discovery from the law enforcement witnesses in this litigation. Claimant would also seek discovery from law enforcement agents involved in the prosecution above and beyond what would be available to defendants in criminal cases.

11. On September 13, 2024, this Court granted a joint motion to stay the civil forfeiture case (ECF No. 17).

12. On January 13, 2025, and May 8, 2025, this Court granted joint motions to

extend the previously granted stay the civil forfeiture case. ECF Nos. 19 and 21. The most-recent stay expires on September 15, 2025.

13.     The Government and the claimant jointly move for a continuance of the stay of this civil forfeiture action for four (4) months.

## CONCLUSION

Based on the foregoing, the United States and claimant respectfully request that the Court enter an order continuing the stay of the civil forfeiture proceeding for four (4) months.

DATED:   September 10, 2025, Buffalo, New York.

|  |  |
|---|---|
|  | MICHAEL DIGIACOMO<br>United States Attorney<br>Western District of New York |
| BY: | *s/Mary Clare Kane*<br>Mary Clare Kane<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, NY 14202<br>716-843-5809<br>MaryKane@usdoj.gov |

Dated:   September 10, 2025

*s/Justin D. Ginter*
Justin D. Ginter, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
jginter@lglaw.com
Attorney for Claimant, David B. Scrivani

4